# DISTRICT COURT FOR THE UNITED STATES OF AMERICA
## DISTRICT OF COLUMBIA [Washington, D.C.]
### ALIEN TORT STATUTE CLAIM
### ARTICLE III

**Api Aramaru Mifsifsipi**
**Maipuri Arauan Nation**
**1744 Fairwood Drive**
**Jackson Mississippi**
PLAINTIFF,

Case: 1:25-cv-01711
Assigned To : Reyes, Ana C.
Assign. Date : 5/30/2025
Description: Pro Se Gen. Civ. (F-DECK)

V.

UNITED STATES DEPARTMENT OF COMMERCE
HOWARD W. LUTNICK, UNITED STATES SECRETARY OF COMMERCE, Successors & Assigns
1401 Constitution Ave NW. Washington, DC 20230

UNITED STATES CENSUS BUREAU,
4600 SILVER HILL ROAD, Washington, DC 20233

STATE OF MISSISSIPPI
State Capitol; 400 High St, Jackson, MS

TATE REEVES, Office of the Governor, Successors & Assigns
550 High St. Sillers Building, 19th Floor
Jackson, MS 39201

MISSISSIPPI DEPARTMENT OF HEALTH
MISSISSIPPI DEPARTMENT OF VITAL STATISTICS
222 Marketridge Dr, Ridgeland, MS 39157

JODY OWENS,  DISTRICT ATTORNEY, Successors & Assigns
407 E Pascagoula St, Jackson, MS 39205

DEBRA GIBBS, JUDGE
407 E Pascagoula St, Jackson, MS 39205

JAMES BELL, JUDGE
407 E Pascagoula St, Jackson, MS 39205

KITTANY TEAGUE, ATTORNEY
407 E Pascagoula St, Jackson, MS 39205

CITY OF JACKSON A municipal corporation
Jackson City Hall, 219 S. President St.
Jackson, MS 39201

CITY OF JACKSON POLICE DEPARTMENT
106 S. President Street, Jackson, Mississippi 39201

KEVIN NASH, Lt for CITY OF JACKSON POLICE DEPARTMENT

RECEIVED

MAY 3 0 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

106 S. President Street, Jackson, Mississippi 39201

BRUCE TRIPLETT, Detective at CITY OF JACKSON POLICE DEPARTMENT
106 S. President Street, Jackson, Mississippi 39201

KEVIN WHITNEY, Detective at CITY OF JACKSON POLICE DEPARTMENT
106 S. President Street, Jackson, Mississippi 39201

TAYLOR, Detective at CITY OF JACKSON POLICE DEPARTMENT
106 S. President Street, Jackson, Mississippi 39201

BRYANT D GUY, Attorney
P.O. Box 10173; Jackson, MS. 39286

U.S.A., U.S. ET AL,
Officially and individually, and as representatives of a defendant class
composed of all persons and entities et al.
DEFENDANTS.

# VERIFIED COMPLAINT

PLAINTIFF, Api Mifsifsipi (hereinafter "PLAINTIFF"), an indigenous Arawak inhabitant of North America, located at and receives post at **1744 Fairwood Drive, Jackson Mississippi**. PLAINTIFF is a tribal charter nation member *See EXHIBIT A "MAIPURI ARAUAN NATION CHARTER"* and citizen of the Maipuri Arauan nation, *See EXHIBIT B "INDIGENOUS ID CARD"* and Onondaga Snipe clan beneficiary, having sworn oath to the nation's Constitution *See EXHIBIT C "M.A.N. CONSTITUTION"* and flag. PLAINTIFF is an alien and non-citizen to the United States of America.

Due to fraudulent actions and false claims by DEFENDANT STATE OF MISSISSIPPI (DEFENDANT SOM) and members of the DEFENDANT class, the UNITED STATES DEPARTMENT OF JUSTICE is enjoined in this action under the False Claims Act violations committed by DEFENDANT SOM, et al'., members of the DEFENDANT class. False Claims Act (FCA), 31 U.S.C. §§ 3729 - 3733, a federal statute. The FCA provides that any person who knowingly submits, or causes, to submit, false claims to the government is liable. FCA liability can arise in other situations, such as when someone knowingly uses a false record material to make a false claim. In addition to allowing the United States to pursue perpetrators of fraud on its own, the FCA allows private citizens to file suits on behalf of the government (called "*qui tam*" suits) against those who have defrauded the government.

2

## INTRODUCTION

PLAINTIFF was brought into this world and was attached with false identity, forced upon PLAINTIFF to cause social, economic, and racial disenfranchisement within the United States system. PLAINTIFF' grandparents were given the racial classification of "Colored" and PLAINTIFF has been labeled as "African American / Negro" with parents recognized as "Colored". The terminology of "Negro" has confined PLAINTIFF to a life of constant forced identity titles, which DEFENDANTS, et al., have consistently utilized to place false claims and crimes against humanity upon PLAINTIFF which violate rights protected by the Constitution for the United States of America and rights protected under Treaty and Customary International Law (CIL). PLAINTIFF is not an African American and has no known connection with the continent of Africa.

PLAINTIFF declares that on February 6, 2015, the United States Commerce Department Inspector General agreed that fraud had been committed against PLAINTIFF' identity and ordered the UNITED STATES COMMERCE DEPARTMENT AND CENSUS BUREAU to make changes and adjust their records related to the false identity claims of PLAINTIFF; *See EXHIBIT D "Letter from IG,"* as of today May 29, 2025, the agencies, DEFENDANT UNITED STATES DEPARTMENT OF COMMERCE (DEFENDANT USDC) and DEFENDANT UNITED STATES CENSUS BUREAU (DEFENDANT USCB) have not adjusted their records to reflect the proper identity of PLAINTIFF as declared in the accepted complaint. *See EXHIBIT E "INTERNATIONAL AFFIDAVIT, pg. 12.",* all of which has been acquiesced and agreed to, by DEFENDANTS USCD and USCB.

In accordance with customary international law, PLAINTIFF' filed a CONSTRUCTIVE NOTICE and AFFIDAVIT of claims of crimes against humanity, and within those claims PLAINTIFF provided presumptive inquiries, which DEFENDANTS USCD and USCB were obligated to respond, but did not respond as required by law. These FEDERAL DEFENDANTS response did not meet or adhere to the federally mandated laws of AFFIDAVIT and therefore, the inquiries, statements, accusations and declared protections of PLAINTIFF are affirmed in law. PLAINTIFF' official complaint asked four presumptive questions within *EXHIBIT E "International Affidavit and Notice of Fraud 2015," located*

*on page 12* of the International Affidavit and Notice of Fraud (2015) and no response was given as required by law. *See EXHIBIT F "Memorandum of Affidavit Case Law."* PLAINTIFF seeks judgement reflecting a state of DEFAULT against FEDERAL DEFENDANTS USCD and USCB whose failure to respond correctly implemented a DEFAULT of the initial claim as stipulated in the International Affidavit and Constructive Notice and Demand.

In 2016, President Barack Obama signed **H.R. 4238**, which amends two federal acts from the '70s that define "minorities" with terms considered to be insensitive or outdated, but it actually forced PLAINTIFF to be categorized as African, completely removing PLAINTIFF from accessing indigenous rights and protections, including right to be identified as a natural inhabitant of America. The Department of Energy Act has for decades described "minorities" as, "a Negro, Puerto Rican, American Indian, Eskimo, Oriental, or Aleut or is a Spanish speaking individual of Spanish descent." It is a fact that the terms Negro and Nigger were terms identifying PLAINTIFF as indigenous as described in Oxford dictionary.

**HISTORICAL QUOTES FROM OXFORD DICTIONARY**

[1861 *Let.* in H. Holzer *Dear Mr. Lincoln* 361 Abe Lincoln..goddam you..you are nothing but a goddam Black nigger.]

**a. A dark-skinned person of any origin. In early *U.S.* use usually with reference to American Indians. Usu.** *offensive.*

1843 T. C. Haliburton *Attaché* (1846) 180 Heathen Indgean niggers.
1857 Ld. Dufferin *Lett. from High Latitudes* 251 This relationship with Polynesian Niggers, the native genealogists would probably scout with indignation.
1869 P. A. Taylor *Colony of Queensland* 11 What can you supply me a hundred niggers [*sc.* Kanakas] for?
1899 in J. M. Merrill *Uncommon Valor* 251 We came here [*i.e.* in the Philippines] to lick the niggers.
1919 P. B. Kyne *Capt. Scraggs* 119 On the island o' Aranuka, right under the Hakatuea volcano. There was some strappin' big buck native niggers there that would fetch $300 a head.

The new bill signed by former President Barack Obama, changes the language to, "Asian American, Native Hawaiian, a Pacific Islander, [and Negro to] African American, Hispanic, Puerto Rican, Native American, or an Alaska Native." There's also similar language in the Local Public Works Capital Development and Investment Act.

PLAINTIFF is a direct indigenous Arawak descendant of America living under forced nationality of the United States, which violates PLAINTIFF' protections established by the United Nations "Committee on the Elimination of Racial Discrimination" and UNDRIP.

PLAINTIFF declares that the Aramaru Apynewa Mifsifsipi tribe is an original tribe of Arawak American nationals living within the boundaries of United States territory and was first registered with the U.S. Department of Energy Indian Affairs, September 6, 2024. *EXHIBIT G "Aramaru Apynewa Mifsifsipi Mound Builders Tribal Trust Charter Constructive Notice."*

Additionally, PLAINTIFF has been traumatized by the forced false identity and false claims under Color of Law, and has additionally suffered unlawful taxation, trespass, arrest, and removal from tribal lands protected under 18 USC 1151, which PLAINTIFF uses as business and lodging. PLAINTIFF has suffered deprivation of indigenous territorial rights, forced identity misclassification, and other actions constituting crimes against humanity, constructive fraud, and ethnic cleansing.

PLAINTIFF' complaint further alleges that state, and municipal officials violated established legal protections as provided by the Constitution for the United States of America and allowed acts of terrorism and threats of death to be committed against without recourse. PLAINTIFF alleges assault was committed against PLAINTIFF by DEFENDANTS ADESINA OLAGBEGI aka SHYNE OLA, DURAN DAVIS and LAQUANDA OLAGBEGI (NIGERIAN DEFENDANTS), who also burglarized PLAINTIFF' property and caused more than $67,000 dollars in damages to PLAINTIFF' tribal offices, warehouse, automobiles, and private storage trailers immediately after PLAINTIFF was illegally removed from the Aramaru Maipuri Tribal Complex.

Congress never had Constitutional authority to established Acts for newborn Indian children to have the same race classification as the mother, but even so, many Acts were put in place and have been manipulated and used in violation of the Constitution prima facie. These unauthorized actions resulted in PLAINTIFF being intentionally labeled as a construct which is subjugated, and regulated legislatively and thrust into perpetual disenfranchisement. Negro and African American are terms used with the intent of reclassifying natural inhabitants into a category that has attempted to removed PLAINTIFF' indigenous rights and original entitled protections in America and DEFENDANTS, et al., are all participants in the numerous crimes against humanity detailed within this complaint.

5

PLAINTIFF makes claim that because of forced identity, PLAINTIFF was illegally removed by local officials from tribally owned land after an altercation with DEFENDANTS ADESINA OLAGBEGI aka SHYNE OLA, DURAN DAVIS, and LAQUANDA OLAGBEGI (NIGERIAN DEFENDANTS), occupants operating business at the tribal complex.

PLAINTIFF makes claim that without valid information, cause, authority, or jurisdiction to arrest PLAINTIFF, DEFENDANT CITY OF JACKSON POLICE DEPARTMENT (DEFENDANT CJPD) detained PLAINTIFF, and for more than three years has been refused the right to present any information related to the initial assault against PLAINTIFF nor has PLAINTIFF been allowed to file anything against NIGERIAN DEFENDANTS. PLAINTIFF makes claim that DEFENDANT CJPD, **committing aggravated assault and committed the violations of Article 1 section 8, clause 3, 18 USC 1151-1152 Indian territory and also violated the 1st Amendment** of the Constitution for the United States of America.

In this matter, PLAINTIFF seeks clarity and answer. PLAINTIFF seeks to know, where in the Constitution for the United States of America does it provide authority to any government agency to make determination as to who is or is not Indian? If there is no provision established by the Constitution for the United States of America (Constitution), PLAINTIFF believes this court can provide clarity related to this very important question, and until such time that an answer is provided, DEFENDANT STATE OF MISSISSIPPI (DEFENDANT SOM) does not have the right nor authority under the Constitution to determine "Who is or Who is not Indian" nor regulate any such inhabitant claiming to be Indian.

PLAINTIFF makes claim that DEFENDANT CJPD' detention, arrest, and removal of PLAINTIFF from tribal property violated tribal jurisdiction and through fraudulent methods, employees of DEFENDANT CJPD gained access into locked offices and buildings without a Warrant, resulting in PLAINTIFF losing digital files and registered guns, which were placed in possession of DEFENDANT CJPD; crimes committed in violation of the International Covenant Convention on Political and Civil rights, committing an offense of Crimes Against Humanity, and violating the 6th Amendment of the Constitution of the Unites States of America, *Bivens vs. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)*.

6

## NATURE OF ACTION

This case is about the corrupt, unlawful, and unconstitutional relationship between Government agencies, including DEFENDANTS, et al., herein, and the egregious acts of un-Constitutional apartheid type actions which have gone unchecked for many years, having been actively concealed, condoned, protected, and facilitated by governmental agents, including, but not limited to, DEFENDANTS, et al., and their agencies, which have ultimately led to the complete disenfranchisement of freedoms and loss of PLAINTIFF' tribal and human rights.

**Thomasina Jordan Act:** PLAINTIFF declares that the passing of the Thomasina Jordan Act lends proof and validation of PLAINTIFF' claims of constructive fraud and forced nationality, where in 2018 former President Donald Trump having foresight concerning the atrocities levied against misclassified indigenous inhabitants of America, signed the Thomasina Jordan Act into law, The Act was signed into law as a Public Statute, instead of a Private Statute, President Trump left the Bill open to include other future claimants, who were also designated American Indian misclassified as "Colored"; PLAINTIFF' parental birth records reflect such designation, reflecting Colored.

Through unknown methods of false claims and theft, orchestrated by members of the DEFENDANT class who failed to recognize the federal territorial land rights of Indian tribes existing on the outskirts of municipal territories and reservations. PLAINTIFF living on the outer limits of the municipal area is not required to participate in the census and is classified as Indian not taxed, and the land is protected under Title 18 USC 1151 and 1152 which provides definition of Indian territory. PLAINTIFF makes claim that DEFENDANTS violated protected tribal rights and never had the jurisdiction to enter the land where the tribe had occupation.

Additionally, PLAINTIFF is beneficiary of international recognition and treaty rights conveyed by the treaty between the Māori nation of New Zealand and PLAINTIFF' nation state of Maipuri Arauan nation (MAN), which exemplifies PLAINTIFF' standing as a foreigner and alien to United States citizenship. *See EXHIBIT H "Treaty of Friendship, Proclaimation of Independence 2020."*

7

PLAINTIFF' claims require right and access to international adjudication in accordance with the 1948 28 U.S.C. § 1350 statute defined as the Alien Tort Claims Act (ATCA). The ATCA, which is a section in the United States Code that gives federal courts jurisdiction over lawsuits filed by foreign nationals for torts committed in violation of international law. It was first introduced by the Judiciary Act of 1789 and is one of the oldest federal laws still in effect in the U.S. and is superior to the Federal Tort Claims Act which is provided for foreigners. PLAINTIFF has been denied the right to exercise freedoms associated with Treaty rights, which allows PLAINTIFF' rights to include the Plenary protections of the Maipuri Arauan Nation (MAN).

## JURISDICTION AND VENUE

Subject Matter Jurisdiction. This Court has jurisdiction over Plaintiff's federal claims pursuant to:

   a) *28 U.S.C. § 1331* (federal question jurisdiction);
   b) *28 U.S.C. § 1350* (Alien Tort Claims Act ("ATCA")), if PLAINTIFF demonstrates violations of well-established international law norms; and
   c) Constitutional claims arising under the First, Fourth, Fifth, and Fourteenth Amendments.

**Venue.** Venue is proper in this District under 28 U.S.C. § 1391(e) because at least one DEFENDANT is a federal agency headquartered in Washington, D.C., and the acts giving rise to the alleged misclassification and failure to correct PLAINTIFF's identity records are alleged to have been directed, in part, by this jurisdiction.

Supplemental Jurisdiction. To the extent PLAINTIFF asserts any state-law causes of action, this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

   a. This Court has jurisdiction pursuant to the **Alien Tort Claims Act**, 28 U.S.C. § 1350, which provides federal courts with original jurisdiction over civil actions by aliens for torts committed in violation of international law or treaties of the United States.

b. Venue is proper in the DISTRICT COURT FOR THE UNITED STATES OF AMERICA, DISTRICT OF COLUMBIA under 28 U.S.C. § 1391(e) because DEFENDANTS include federal agencies headquartered in District of Columbia, and because the FEDERAL DEFENDANTS' acts, giving rise to this claim involve federal and international law Treaty policies and actions of Customary International Law (CIL) to be directed from this jurisdiction.

PLAINTIFF asserts rights under international treaties, including the International Covenant on Civil and Political Rights (ICCPR), the United Nations Declaration on the Rights of Indigenous Peoples, and relevant provisions of the Constitution of the United States, including the 1st, 4th, 5th, and 14th Amendments, additionally, PLAINTIFF invokes *Paquete Habana*, engaging PLAINTIFF' right to Customary International Law (CIL). Former President Jimmy Carter signed the International Conventions for Civil and Political Rights establishing the legal use of international Treaties in accord with Paquete Habana; *175 U.S. 677*. ***See EXHIBIT I "MEMORANDUM OF JURISDICTION AND LAW."***

**Sovereign immunity** came from English Common Law. Article VI of the Constitution states that the Constitution and laws made pursuant to them are the supreme law, and, as such, it should prevail over government claims of sovereign immunity. Crimes against humanity have no statute of limitations and provide no immunity for DEFENDANTS, et al. Therefore, PLAINTIFF request full disclosure of Article Six requirement of Oath of Office by all federal and state officials.

## NOTICE OF CLAIM

This action is commenced many years after the initiation of offenses because those same crimes persist to this day and PLAINTIFF has grown weary and seeks to end the cycle of systemic human rights crimes, and because, following the Thomasina Jordan Act, PLAINTIFF realized the method of the constructive fraud and the denial of same and similar rights currently violated by DEFENDANT STATE OF MISSISSIPPI (DEFENDANT SOM) and DEFENDANTS CJPD, et al'., fraudulent actions and false claims have triggered PLAINTIFF' lawful right to file tort for perpetual crimes against humanity.

9

This action is timely brought, due to the Default status of FEDERAL DEFENDANTS United States Commerce Department and Census Bureau and the continuing fraudulent concealment of the Default, to stop PLAINTIFF from exercising educational, cultural, and religious rights as a natural American aborigine Arawak descendant habituating in U.S. controlled territory of America.

On July 15, 2024, March 10, 2025, and May 12, 2025, Plaintiff presented timely Notices of Tort Claims, pursuant to ATCA, FTCA, and 28 U.S.C. §§ 2671, et seq.; 2401; 2675(a) and all applicable federal regulations, giving notice of the human rights violations caused by the acts or omissions of the DEFENDANTS, while acting within the scope of their office or employment with the United States of America, under circumstances in which the United States, if a private person, would be liable to PLAINTIFF in accordance with the laws, rights, and privileges of the Constitution for the United States of America. More than six months have passed from the claims' presentation to the United States. PLAINTIFF deem the agencies' failure to render a final disposition of the claims a constructive denial pursuant to 28 U.S.C. § 2675(a).

As such, PLAINTIFF has satisfied all conditions precedent to the institution of this action, and/or such conditions have been waived. The intention of the matter was brought before FEDERAL DEFENDANTS, et al., and provided to them in accordance with Federal Rules of Civil Procedure: Rule 5 and served to DEFENDANTS, et al., via certified mail process.

**Role of inspector general: Oversight, Jurisdiction**

Federal defendants often request the law pertaining to presumptive affidavit.

***Federal Rule of Evidence 301.*** This rule defines a presumption as a burden on the opposing party to present evidence that rebuts the presumption. This rule applies to civil actions and proceedings, unless otherwise provided by federal statute.

***Rule 902.*** This rule states that a court may order a document to be treated as presumptively authentic without final certification if all parties have had a reasonable opportunity to investigate the document's authenticity. Rule 902. Evidence That Is Self-Authenticating.

10

**The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted**:

**(1)** *Domestic Public Documents That Are Sealed and Signed*. A document that bears:

**(A)** a seal purporting to be that of the United States; any state, district, commonwealth, territory, or insular possession of the United States; the former Panama Canal Zone; the Trust Territory of the Pacific Islands; a political subdivision of any of these entities; or a department, agency, or officer of any entity named above; and

**(B)** a signature purporting to be an execution or attestation.

**(2)** *Domestic Public Documents That Are Not Sealed but Are Signed and Certified*. A document that bears no seal if:

**(A)** it bears the signature of an officer or employee of an entity named in Rule 902(1)(A); and

**(B)** another public officer who has a seal and official duties within that same entity certifies under seal — or its equivalent — that the signer has the official capacity and that the signature is genuine.

Federal courts have the right and the power to decide whether or not a law or act is constitutional. The Supreme Court and the federal courts have the power to overturn any congressional or state legislation or other official governmental action that is found to be inconsistent with the Constitution, Bill of Rights, or federal law.

## NOTICE OF INTENT TO FILE TORT CLAIM

a) PLAINTIFF declares that he has provided sufficient notice to DEFENDANTS regarding his intent to pursue legal action. This notice has been communicated via certified U.S. mail, fax, and personal delivery, as documented in *EXHIBIT J "NOTICE OF INTENT."*

b) DEFENDANTS have failed to respond adequately to PLAINTIFF' prior communications, including his 2015 International Affidavit and Notice of Fraud, which outlined claims of crimes against humanity, identity misclassification, and violations of tribal sovereignty.

c) PLAINTIFF reaffirms his status as a citizen of the Maipuri Arauan Nation, a recognized indigenous federation, and asserts his rights under federal and international law to seek

redress for the harms inflicted upon PLAINTIFF, as he had been denied plenipotentiary protections and international right of nationality.

d) PLAINTIFF notified DEFENDANTS that this complaint constitutes a formal intent to file a tort claim under the Alien Tort Claims Act (28 U.S.C. § 1350) and other applicable statutes.

# PARTIES

## PLAINTIFF

PLAINTIFF **Api Aramaru Apynewa Mifsifsipi**, is a recognized member and citizen of the **Maipuri Arauan Nation**, an indigenous tribe of Arawak descendants historically inhabiting North America. PLAINTIFF resides at, **1744 Fairwood Drive, Jackson Mississippi** and is a foreign national as described under U.S. law. PLAINTIFF is an indigenous person as defined under international law and is entitled to all protections guaranteed to indigenous peoples under international treaties and customary international law.

## DEFENDANTS

## DEFENDANT I

**DEFENDANT UNITED STATES DEPARTMENT OF COMMERCE (USDC) and UNITED STATES CENSUS BUREAU (USCB)** are agencies of the United States and at all times relevant to this matter oversees the Census Bureau and is responsible for maintaining accurate records regarding indigenous populations, U.S. citizens, and territories.

In 2015, the U.S. Department of Commerce Inspector General ordered **DEFENDANTS UNITED STATES DEPARTMENT OF COMMERCE (DEFENDANT USDC) and UNITED STATES CENSUS BUREAU (DEFENDANT USCB)** to correct PLAINTIFF' identity records, after he acknowledged fraud and identity misclassification issues affecting PLAINTIFF, instructing the Department of Commerce and Census Bureau to correct PLAINTIFF' identity records. ***See EXHIBIT D "LETTER FROM THE IG."*** To date, these

12

corrections have not been made, exacerbating the harm caused by the DEFENDANTS' actions. DEFENDANTS USDC and USCB are in full Default of the original complaint (International Affidavit and Constructive Notice) (IACN) *See EXHIBIT E* and have acquiesced to the complaint in its entirety.

PLAINTIFF shows that a valid claim was made and adjudged in accordance with the Constitution for the United States of America and the laws of Customary International Law (CIL), against DEFENDANTS USDC and USCB and only a true Article III constitutional court can provide closure validating the defaulted actions of DEFENDANTS USDC and USCB to remedy repeated crimes against PLAINTIFF' human existence.

## DEFENDANT II

**DEFENDANT HOWARD LUTNICK (DEFENDANT LUTNICK)** is the appointed Chief Administrator for DEFENDANTS USDC and USCB in his official capacity as Secretary of the USDC, where DEFENDANT LUTNICK is tasked with ensuring compliance with federal mandates concerning census classifications of race and identity and is also responsible for the commercialization of those records in association with the United States Treasury Department, Warehousing of those records including records associated with PLAINTIFF.

PLAINTIFF' birth records labeled as Certificate of Birth, qualify as a "warehouse receipt" under the Uniform Commercial Code. Black's Law Dictionary, 7th ed. defines **Warehouse Receipt.** "...A warehouse receipt, which is considered a document of title, may be a negotiable instrument and is often used for financing with inventory as security." Plaintiff makes claims against DEFENDANTS, ET AL., for Constructive Fraud, Identity Theft, Unlawful Conversion, Economic Deception, and Ethnic Cleansing, unlawful possession of human beings to be used as human capital, as described in US President Bill Clinton' Executive Order 13037, for Violations of United Nations International Covenant Convention on Political and Civil Rights, Article 1 1,3, Article 2 1, 3a, Article 3, Article 5 1,2, Article 6 1,3, Article 9 1,2,5, Article 10 1, Article 12 2, Article 14 1, 3, Article 15, Article 26, Conspiracy to deprive rights, Negligence, Intentional and Negligent Infliction of Emotional Distress causing irreparable mental, social and economic disenfranchisement and injury to PLAINTIFF.

13

## DEFENDANT III

**DEFENDANT STATE OF MISSISSIPPI** is a municipal corporate corporation and is governed by chief administrator Governor TATE REEVES. As administrator the governor is responsible for overseeing many departments of government which includes the Mississippi Department Of Health and the appointment of a chief administrator who manages the department of health for the State of Mississippi, and at all times relevant DEFENDANT MISSISSIPPI DEPARTMENT OF HEALTH follows procedure mandated by DEFENDANT TATE REEVES (DEFENDANT REEVES.) PLAINTIFF makes claim that DEFENDANT REEVES failure to implement policies which do not infringe upon PLAINTIFF' rights, violates rights under the Constitution. DEFENDANT REEVES has ignored official communications sent by PLAINTIFF. DEFENDANTS SOM, et al., do not have the Constitutional authority to determine who is and is not Indian and are operating in violation of the Constitution for the United States of America.

## DEFENDANT IV

**DEFENDANT MISSISSIPPI DEPARTMENT OF HEALTH (DEFENDANT MDH)** is an agency of DEFENDANT SOM and oversees the Department of Vital Statistics for DEFENDANT SOM, and at all times relevant to this complaint, DEFENDANT SOM is administered and controlled by DEFENDANT REEVES, governor for DEFENDANT SOM.

PLAINTIFF makes claim that DEFENDANT MDH failure to implement policies which do not infringe upon PLAINTIFF' rights, violates rights under the Constitution. DEFENDANT MDH has ignored official communications sent by PLAINTIFF demanding correction of records and received no remedy or response. DEFENDANTS MDH, et al., do not have the Constitutional authority to determine who is and is not Indian and are operating in violation of the Constitution for the United States of America.

## DEFENDANT V

**DEFENDANT TATE REEVES** (DEFENDANT REEVES) at all times relevant to this matter is governor and chief administrator for DEFENDANT SOM and PLAINTIFF makes claim against DEFENDANTS SOM and REEVES for committing acts in violation of the Constitution for the United States of America for identity theft, forced nationality, and perpetuating constructive fraud

14

and herein demands correction of the fraudulent appellation, which was initiated and forced upon PLAINTIFF.

PLAINTIFF' claims are protected by the Constitutional (Article I, Section 8, Clause 3,) which describes the U.S. Congressional relationship with the Indians. PLAINTIFF declares that Congress never had constitutional authority to declare who was or was not an aborigine, Indian, or natural inhabitant of America or the claimed Insular territories. DEFENDANT SOM had no authority under the Constitution for the United States of America to list PLAINTIFF' mother and father as one race, and force another race terminology upon PLAINTIFF, causing lifelong torment, disenfranchisement, loss of culture, and spirituality, which are protected by federal and international law.

PLAINTIFF is not Native American and is not a construct of U.S. Congress, but an American aborigine Arawak descendant, a foreigner to United States citizenship, a beneficiary of the Maipuri Arauan nation of Arawak descendants and the provisions of Alien Tort Claims Act venue. DEFENDANT SOM promotes racist and discriminatory policies and uses methods of forced identity and nationality to deny PLAINTIFF' culture, history, land rights, and human rights that have been denied and obstructed due to the actions taken against PLAINTIFF at birth. The actions of DEFENDANTS, et al., have caused PLAINTIFF to succumb to an existence based upon that false identity narrative created by DEFENDANT SOM and DEFENDANT MDH and now perpetuated by DEFENDANT REEVES.

### DEFENDANT VI

**DEFENDANT HINES COUNTY** is a municipal corporation located within the territory of DEFENDANT SOM, which incorporates the Hine County District Attorneys' office, and at all times relevant the district attorneys' office is administered by DEFENDANT JODY OWENS (DEFENDANT OWENS), DISTRICT ATTORNEY, located at 407 E Pascagoula St, Jackson, MS 39205. PLAINTIFF makes claim that DEFENDANT OWENS has initiated fraudulent claims against PLAINTIFF beyond the jurisdiction and authority of the office held. PLAINTIFF was falsely accused of aggravated assault for defending himself on tribal property which the tribe owned and claims PLAINTIFF' rights to self-defense are protected by the Constitutional (Article I, Section 8, Clause 3,) which describes the U.S. Congressional relationship with the Indians.

15

PLAINTIFF declares that Congress never had constitutional authority to declare who was or was not an aborigine, Indian, or natural inhabitant of America or the claimed Insular territories. DEFENDANT OWENS does not possess the authority or jurisdiction under the Constitution for the United States of America to prosecute PLAINTIFF under false information and color of law process. PLAINTIFF was on tribal property when PLAINTIFF was forced to defend himself from assault by four others. Indian territory is protected under federal and international law.

## DEFENDANT VII

**DEFENDANT** DEBRA GIBBS, (DEFENDANT GIBBS) at all times related to this matter has operated in the capacity of state Judicial Officer for DEFENDANT SOM located at 407 E Pascagoula St, Jackson, MS 39205

**DEFENDANT GIBBS** facilitated the deprivation of tribal land rights through judicial actions that disregarded the federally recognized status of PLAINTIFF's tribe and failed to respect territorial sovereignty as protected under federal law. The forced jurisdiction and lack of true authority has violated PLAINTIFF's constitutionally protected rights under the First Amendment, including the right to practice tribal religious ceremonies and access sacred artifacts located on the land, which were vandalized and destroyed, and property stolen never returned.

PLAINTIFF's protections afforded under the International Covenant on Civil and Political Rights (ICCPR), include Article 27, which guarantees the rights of minorities to freely practice their culture and religion. DEFENDANTS, et al'., failure to recognize PLAINTIFF's tribal and indigenous identity and to restore his right to determine the right to protect and defend PLAINTIFF' tribal properties and lands as rights guaranteed by the Indian Commerce Clause (Article I, Section 8, Clause 3) of the U.S. Constitution and federal statutes protecting indigenous territories.

## DEFENDANT VIII

**DEFENDANT JAMES BELL**, (DEFENDANT BELL) at all times related to this matter has operated in the capacity of state Judicial Officer for DEFENDANT SOM located at 407 E Pascagoula St, Jackson, MS 39205. PLAINTIFF makes claim that PLAINTIFF served numerous

16

informations related to PLAINTIFF' indigenous rights but all notices were ignored by DEFENDANTS SOM and BELL. DEFENDANT BELL has openly on the record indicated that Constitutional protections and indigenous rights are not upheld in his courtroom. DEFENDANT BELL has repeatedly denied PLAINTIFF' right to adequate counsel, which is repeatedly denied.

DEFENDANT BELL through judicial actions disregard the federally recognized protections of federal law and continues to enforce jurisdiction without true authority. PLAINTIFF's deprivation of rights also constitutes a violation of customary international law and the protections afforded under the International Covenant on Civil and Political Rights (ICCPR), including Article 27, which guarantees the rights of minorities to freely practice their culture and religion. DEFENDANTS, et al'., failure to recognize PLAINTIFF's tribal and indigenous identity and to restore his right to determine the right to protect and defend PLAINTIFF' tribal properties and lands as rights guaranteed by the Indian Commerce Clause (Article I, Section 8, Clause 3) of the U.S. Constitution and federal statutes protecting indigenous territories.

DEFENDANTS, et al'., conduct constitutes constructive fraud, identity theft, forced nationality, and identity imposition, unlawful conversion, economic deception, and crimes against humanity. These actions collectively amount to ethnic cleansing, as they aim to strip PLAINTIFF and his tribe of cultural and territorial heritage.

## DEFENDANT IX

**DEFENDANT CITY OF JACKSON (DEFENDANT COJ)**, a municipal corporation, and at all times related to this matter, was the employer of DEFENDANT CJPD which operated under policies and guidelines instituted by DEFENDANT COJ. DEFENDANT COJ is responsible for the training, guidance, policy, procedure and insurance liabilities of DEFENDANT CJPD and the employees of DEFENDANT CJPD.

## DEFENDANT X

**DEFENDANT CITY OF JACKSON POLICE DEPARTMENT, (DEFENDANT CJPD).** Located at 106 S. President Street, Jackson, Mississippi 39201 and at all times related to this matter, DEFENDANT CJPD was the employer of DEFENDANT BRUCE TRIPLETT, KEVIN

17

WHITNEY, TAYLOR and other unknown law enforcement officers. DEFENDANT CJPD at all times related to this matter, was responsible for the supervising and training of all employees, including those responsible for the illegal removal of PLAINTIFF and the illegal entry into leased secured warehouse space which was locked; the illegal removal of firearms and accessories and digital files from the tribal office.  The Illegal unwarranted search and seizure and leaving doors unlocked and unsecured after the illegal search and seizure by DEFENDANT CJPD agents also facilitated the theft of tribal property and the destruction of the sacred buildings, automobiles, and trailers located at the Aramaru Maipuri Tribal Complex; Hinds County location description; 3080 John R. Lynch Street, Jackson, Mississippi.

**DEFENDANT XI**

**DEFENDANT** KEVIN NASH at all times related to this matter, DEFENDANT NASH was employed by DEFENDANT CJPD as a lieutenant law enforcement officer, responsible for the training and supervision of subordinate officers including DEFENDANT TRIPLETT, WHITNEY and TAYLOR, located at 106 S. President Street, Jackson, Mississippi 39201.

PLAINTIFF makes claim that DEFENDANT NASH was called by PLAINTIFF to come to PLAINTIFF' property to investigate an assault on PLAINTIFF, and after receiving false information from the assailants (NIGERIAN DEFENDANTS) PLAINTIFF was arrested by DEFENDANTS CJPD, et al. DEFENDANTS NASH, TRIPLETT, WHITNEY and TAYLOR took statements, collected evidence and ultimately detained PLAINTIFF after taking the statements of the NIGERIAN DEFENDANTS who had been asked by PLAINTIFF to vacate for lack of nonpayment of rent.

PLAINTIFF was detained after defending himself in confrontation with NIGERIAN DEFENDANTS, one with an AK 47 rifle, which misfired in the altercation, before leaving the scene, and prior to the arrival of DEFENDANT CJPD.

The Supreme Court has already established the foundations of tribal sovereignty on tribal land and PLAINTIFF was on tribal land at the time of the altercation. PLAINTIFF advised DEFENDANTS CJPD and NASH, et al., that PLAINTIFF was defending himself and the

18

property was owned by the tribe, but PLAINTIFF was disregarded, detained and charged for defending himself and property.

**DEFENDANT XII**

**DEFENDANT BRUCE TRIPLETT** (DEFENDANT TRIPLETT) at all times related to this matter, DEFENDANT TRIPLETT was employed by DEFENDANT CJPD as a law enforcement officer, responsible for following policy of DEFENDANT CJPD, upholding the training and following the supervision of superior officers including DEFENDANT NASH and CJPD, located at 106 S. President Street, Jackson, Mississippi 39201.

PLAINTIFF makes claim that DEFENDANT TRIPLETT was called by PLAINTIFF to come to PLAINTIFF' property to investigate an assault on PLAINTIFF, and after receiving false information from the assailants (NIGERIAN DEFENDANTS) PLAINTIFF was arrested by DEFENDANTS CJPD, et al. DEFENDANTS NASH, TRIPLETT, WHITNEY and TAYLOR took statements, collected evidence and ultimately detained PLAINTIFF after taking the statements of the NIGERIAN DEFENDANTS who had been asked by PLAINTIFF to vacate for lack of nonpayment of rent. PLAINTIFF was detained after defending himself in confrontation with NIGERIAN DEFENDANTS, one with an AK 47 rifle, which misfired in the altercation, before leaving the scene, and prior to the arrival of DEFENDANT CJPD.

The Supreme Court has already established the foundations of tribal sovereignty on tribal land and PLAINTIFF was on tribal land at the time of the altercation. PLAINTIFF advised DEFENDANTS CJPD and NASH, et al., that PLAINTIFF was defending himself and the property was owned by the tribe, but PLAINTIFF was disregarded, detained and charged for defending himself and property.

**DEFENDANT XIII**

**DEFENDANT KEVIN WHITNEY** (DEFENDANT WHITNEY) at all times related to this matter, DEFENDANT WHITNEY was employed by DEFENDANT CJPD as a law enforcement officer, responsible for following policy of DEFENDANT CJPD, upholding the training and following

the supervision of superior officers including DEFENDANT NASH and CJPD, located at 106 S. President Street, Jackson, Mississippi 39201.

PLAINTIFF makes claim that DEFENDANT WHITNEY was called by PLAINTIFF to come to PLAINTIFF' property to investigate an assault on PLAINTIFF, and after receiving false information from the assailants (NIGERIAN DEFENDANTS) PLAINTIFF was arrested by DEFENDANTS CJPD, et al. DEFENDANTS NASH, TRIPLETT, WHITNEY and TAYLOR took statements, collected evidence and ultimately detained PLAINTIFF after taking the statements of the NIGERIAN DEFENDANTS who had been asked by PLAINTIFF to vacate for lack of nonpayment of rent. PLAINTIFF was detained after defending himself in confrontation with NIGERIAN DEFENDANTS, one with an AK 47 rifle, which misfired in the altercation, before leaving the scene, and prior to the arrival of DEFENDANT CJPD.

The Supreme Court has already established the foundations of tribal sovereignty on tribal land and PLAINTIFF was on tribal land at the time of the altercation. PLAINTIFF advised DEFENDANTS CJPD and NASH, et al., that PLAINTIFF was defending himself and the property was owned by the tribe, but PLAINTIFF was disregarded, detained and charged for defending himself and property.

**DEFENDANT XIV**

**DEFENDANT TAYLOR** (DEFENDANT TAYLOR) at all times related to this matter, DEFENDANT WHITNEY was employed by DEFENDANT CJPD as a law enforcement officer, responsible for following policy of DEFENDANT CJPD, upholding the training and following the supervision of superior officers including DEFENDANT NASH and CJPD, located at 106 S. President Street, Jackson, Mississippi 39201.

PLAINTIFF makes claim that DEFENDANT TAYLOR was called by PLAINTIFF to come to PLAINTIFF' property to investigate an assault on PLAINTIFF, and after receiving false information from the assailants (NIGERIAN DEFENDANTS) PLAINTIFF was arrested by DEFENDANTS CJPD, et al. DEFENDANTS NASH, TRIPLETT, WHITNEY and TAYLOR took statements, collected evidence and ultimately detained PLAINTIFF after taking the statements of the NIGERIAN DEFENDANTS who had been asked by PLAINTIFF to vacate for

lack of nonpayment of rent. PLAINTIFF was detained after defending himself in confrontation with NIGERIAN DEFENDANTS, one with an AK 47 rifle, which misfired in the altercation, before leaving the scene, and prior to the arrival of DEFENDANT CJPD.

The Supreme Court has already established the foundations of tribal sovereignty on tribal land and PLAINTIFF was on tribal land at the time of the altercation. PLAINTIFF advised DEFENDANTS CJPD and NASH, et al., that PLAINTIFF was defending himself and the property was owned by the tribe, but PLAINTIFF was disregarded, detained and charged for defending himself and property.

### DEFENDANT XV

DEFENDANT BRYANT GUY (DEFENDANT GUY) is PLAINTIFF's current attorney in The State of Mississippi, First District, Hinds County Court, Case No. 22-697-TTB.

PLAINTIFF requested that DEFENDANT GUY be removed from PLAINTIFF' case, but judge DEFENDANT BELL, but he refused, which is a violation of PLAINTIFF Due Process. DEFENDANT GUY doesn't understand tribal rights, nor was he interested in securing or protecting those rights of Plaintiff. He was notified by PLAINITFF's plenary representative, Tushkahumoc Xelup, of this matter, *See EXHIBIT K "DIPLOMATIC NOTICE."*

### DEFENDANT XVI

DEFENDANT KITTANY TEAGUE (DEFENDANT TEAGUE) is PLAINTIFF's former attorney that gave incorrect information deliberately to the court and the state, violating the Federal False Claims Act (FCA), 31 U.S.C. §§ 3729 – 3733.

### CAUSE OF ACTION

a) Aggravated Assault: forced removal from his property by local law enforcement, DEFENDANT CJPD, at gun point.
b) Illegal seizure of property.
c) Destruction of property.

d) Human commercial trafficking

e) Forced Nationality – forced encroachment, destruction of internationally protected rights: identity, culture, & land.

f) Forced racial identity to disenfranchise –in violation of the Committee for the Elimination of Race Discrimination (CERD).

PLAINTIFF suffers from discrimination by FEDERAL DEFENDANTS' race classifications policy, disregards American Aborigine descendants, who are not classified as Native American or American Indian. The classification disregards American Aborigine Rights in relation to natural resource exploitation; land rights, water right, inter alia. These things have caused a complete loss of traditional territories, thus the disappearance of American Aborigine as distinct people, causing plaintiff to be marginalized and alienated from traditional lands, culture, and that such denials have been backed by force, violating the provisions of CERD, without remedy.

The same rights denied to PLAINTIFF are the same rights given primarily to Native American groups, who are not the same as American Aborigine descendants of prisoners of war. Native American are selected groups that exist based on discriminatory congressional and executive mandates, barring American Aborigine people, such as PLAINTIFF from all indigenous claims and protections, in violation of customary international law. The Constitution for the United States of America does not give authority to any government agency the right to determine who is and who is not indigenous, Indian, American Indian, or American Aborigine. The false race classification applied to PLAINTIFF is discriminatory on its face, creating a cause of action of international tort.

**LEGAL CLAIMS**

**COUNT I: VIOLATION OF THE ALIEN TORT CLAIMS ACT (28 U.S.C. § 1350)**

a) PLAINTIFF re-alleges and incorporates by reference all preceding paragraphs. DEFENDANTS' actions constitute violations of **international law**, including crimes

against humanity, forced displacement, and ethnic cleansing, all of which are actionable under the Alien Tort Claims Act.

b) DEFENDANTS' conduct violates principles of **jus cogens**, which prohibit egregious breaches of international norms, including the denial of rights to indigenous peoples and interference with territorial sovereignty.

---

### COUNT II: VIOLATION OF THE FIRST AMENDMENT

a) DEFENDANTS violated PLAINTIFF's **First Amendment rights** by unlawfully barring him from tribal land rights, thereby preventing him from participating in religious practices, rights to protections of self and property, accessing sacred artifacts, and exercising indigenous cultural rights.

b) The forced displacement interfered with PLAINTIFF's right to freedom of expression, religion, and association, as protected by the Constitution for the United States of America.

---

### COUNT III: VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS

a) DEFENDANTS' actions constitute a deprivation of PLAINTIFF's **due process and equal protection rights** under the **Fifth and Fourteenth Amendments** to the Constitution for the United States of America.

b) PLAINTIFF was denied a fair process and protections allotted for Indian territory and denied the right to protect tribal property as permitted by 18 USC 1151 and 1152 are violations of constitutional right to Indian territory.

---

### COUNT IV: VIOLATION OF THE INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS (ICCPR)

23

a) DEFENDANTS violated PLAINTIFF's rights under the ICCPR, including the right to freely practice his culture and religion (Article 27), the right to life, liberty, and security (Article 6), and protection against arbitrary displacement (Article 12).

b) As a signatory to the ICCPR, the United States is obligated to ensure that indigenous peoples, including PLAINTIFF, are not subjected to discriminatory practices or forced displacement.

---

## COUNT V: CONSTRUCTIVE FRAUD AND IDENTITY THEFT

a) DEFENDANTS engaged in **constructive fraud** by misclassifying PLAINTIFF's identity and failing to acknowledge his status as a member of the Maipuri Arauan Nation.

b) The continued misclassification has caused irreparable harm to PLAINTIFF's legal status, identity, and ability to assert rights under federal and international law.

---

## COUNT VI: VIOLATION OF THE INDIAN COMMERCE CLAUSE

a) DEFENDANTS' actions violate the **Indian Commerce Clause (Article I, Section 8, Clause 3)** of the U.S. Constitution by unlawfully interfering with the internal sovereignty of PLAINTIFF's tribe and depriving it of its territorial rights.

b) DEFENDANTS failed to recognize the tribe's international Treaty of Recognition and status as "Indians not taxed," protected under Title 18 U.S.C. §§ 1151 and 1152, and acted in contravention of the Constitution's guarantees.

## LEGAL BASIS FOR CLAIMS
### Alien Tort Claims Act (28 U.S.C. § 1350)

a) The **Alien Tort Claims Act (ATCA)** provides jurisdiction for federal courts to hear cases where foreign nationals bring claims based on torts committed in violation of international law or treaties of the United States.

b) DEFENDANTS' actions, including forced displacement, ethnic cleansing, and identity suppression, constitute violations of **customary international law**, which recognizes these acts as crimes against humanity and breaches of **jus cogens** norms.

24

c) Jus cogens norms, defined as peremptory principles of international law, which include the prohibition against forced displacement and the denial of self-determination to indigenous peoples. DEFENDANTS' actions are in direct contravention of these norms.

## CONSTITUTIONAL VIOLATIONS

d) PLAINTIFF asserts that DEFENDANTS, et al., violated his rights under the **First Amendment** by barring him from tribal lands protections, interfering with PLAINTIFF' ability to practice religious ceremonies, and denying his right to sacred artifacts essential to his cultural heritage.

e) The **Fourth Amendment** protects people from unreasonable searches and seizures.

f) The **Fifth Amendment** guarantees due process, which was denied when DEFENDANTS, et al., removed PLAINTIFF from his identity and nationality without a lawful hearing or proper legal authority.

g) The **Fourteenth Amendment** guarantees equal protection under the law. DEFENDANTS' actions targeted PLAINTIFF based on his indigenous status, amounting to discriminatory practices prohibited by the Constitution.

h) The **Indian Commerce Clause (Article I, Section 8, Clause 3)** prohibits the federal and state governments from interfering with the sovereignty of tribal nations. PLAINTIFF's tribe, the Maipuri Arauan Nation, qualifies for these protections as a historically recognized indigenous community.

## VIOLATIONS OF INTERNATIONAL LAW

i) DEFENDANTS' actions violate provisions of the **International Covenant on Civil and Political Rights (ICCPR)**, including:

j) **Article 1:** The right of all people to self-determination, including freely pursuing their cultural development.

k) **Article 27:** The right of minorities to practice their culture and religion without interference.

l) **Article 12:** Protection against arbitrary displacement.

m) As a signatory to the ICCPR, the United States is obligated to ensure the protection of these rights, which were disregarded in the Aggravated Assault: forced removal from his property by local law enforcement, DEFENDANT CJPD, at gun point; illegal seizure of property, destruction of tribal property, and Human commercial trafficking

### CONSTRUCTIVE FRAUD AND IDENTITY THEFT

n) DEFENDANTS engaged in **constructive fraud** by perpetuating false records that misclassify PLAINTIFF's identity, violates the False Claims Act, causing a barring of PLAINTIFF' access to natural family tribal affiliation, causing harm to his legal and cultural existence and standing.

o) The failure of the DEFENDANT USCD and USCB action to correct these records, despite prior acknowledgment of errors, constitutes a continued violation of PLAINTIFF's rights.

p) DEFENDANTS' actions represent **identity theft**, as PLAINTIFF's indigenous identity has been unlawfully stripped and replaced with classifications intended to suppress his cultural, life and status.

### ADDITIONAL LEGAL BASES FOR CLAIMS
### INDIAN COMMERCE CLAUSE (ARTICLE I, SECTION 8, CLAUSE 3)

a) The **Indian Commerce Clause** grants Congress the exclusive power to regulate commerce with Indian Tribes, including territorial and sovereign matters. DEFENDANTS, by interfering with PLAINTIFF's identity and sovereignty, have violated these constitutional protections.

b) Plaintiff's tribe is entitled to recognition as "Indians not taxed," as defined by **Title 18 U.S.C. §§ 1151 and 1152**, which protect tribal territories from unlawful encroachment and interference.

c) The actions of DEFENDANTS represent an unconstitutional overreach into the internal affairs of the Maipuri Arauan Nation, infringing on its sovereignty and PLAINTIFF's rights as a tribal member.

26

**Thomasina E. Jordan Indian Tribes of Virginia Federal Recognition Act**

a) The **Thomasina E. Jordan Indian Tribes of Virginia Federal Recognition Act of 2018** was enacted to provide formal recognition and protections for tribes misclassified or disenfranchised by historical records.

b) PLAINTIFF asserts that he and his tribe are similarly misclassified, as reflected in his birth records, which designate PLAINTIFF as "African American with Negro and Colored parents and grandparents, identified as Colored" instead of acknowledged in their and my true status as an American aborigine. The Thomasina Jordan Act was signed into law by President Donald Trump in 2018 and applies fully to PLAINTIFF.

c) DEFENDANTS' refusal to accept and correct this misclassification perpetuates the systemic erasure of indigenous identity and deprives PLAINTIFF of the rights guaranteed to him under the Indian Commerce Clause and related federal statutes and constitutional guarantees.

## CUSTOMARY INTERNATIONAL LAW AND JUS COGENS NORMS

d) The United States, as a member of the international community, is bound by **customary international law**, including **jus cogens norms**, which prohibit acts such as:

e) Ethnic cleansing,

f) Denial of self-determination,

g) Cultural erasure.

h) DEFENDANTS' actions contravene these norms by unlawfully removing PLAINTIFF from tribal property, suppressing his indigenous identity, and failing to uphold treaty obligations and constitutional protections.

i) Customary international law recognizes the rights of indigenous peoples, as articulated in the **United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP)**. UNDRIP reflects international consensus on the fundamental rights of indigenous peoples, including the right to self-determination and territorial sovereignty.

j) PLAINTIFF's claims are consistent with these international principles, which DEFENDANTS have willfully disregarded.

27

## SPECIFIC RELIEF REQUESTED

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment in his favor and grant the following relief:

## DECLARATORY RELIEF

a) Declare that DEFENDANTS' actions violated PLAINTIFF's rights under the **First, Fourth, Fifth, and Fourteenth Amendments** to the Constitution, Crimes Against Humanity Act, the **Indian Commerce Clause**, and international law.

**b)** Declare that PLAINTIFF has shown substantial proof that PLAINTIFF is a recognized member of the Maipuri Arauan Nation, entitled to all rights and protections afforded to indigenous peoples under federal and international law.

## INJUNCTIVE RELIEF

c) Issue an injunction requiring Defendants to:

1. Return PLAINTIFF's property and files,
2. Cease any further actions interfering with the sovereignty of the Maipuri Arauan Nation,
3. Correct PLAINTIFF's identity records to reflect his true status as an indigenous American aborigine descendant of the Americas.

## COMPENSATORY AND PUNITIVE DAMAGES

d) Award compensatory damages to PLAINTIFF in an amount to be determined at trial, for:

1. Emotional distress,
2. Loss of liberty,
3. Harm to PLAINTIFF's cultural and legal status.

e) Award punitive damages to deter DEFENDANTS and other entities from engaging in similar conduct.

f) Award PLAINTIFF reasonable fees and costs incurred in pursuing this action, pursuant to applicable law.

g) Grant any other relief that this Court deems just and equitable, including further declarations or orders necessary to restore PLAINTIFF's rights and protections.

## CONCLUSION

a) DEFENDANTS' actions constitute grave violations of PLAINTIFF's constitutional rights, tribal sovereignty, and protections guaranteed under federal and international law. These actions have caused irreparable harm to PLAINTIFF's cultural, legal, and emotional well-being, for which redress is urgently needed.

b) PLAINTIFF brings this action in good faith, seeking justice not only for himself but for the preservation and recognition of his tribe's heritage and sovereignty.

c) PLAINTIFF respectfully demands that this Court grant the relief requested, ensuring accountability for DEFENDANTS, et al'., actions and the upholding of the fundamental principles of justice, equality, and the rule of law.

## PLAINTIFF

*"I declare under penalty of perjury that the foregoing is true and correct.* 28 U.S.C. §1746. Unsworn declarations under penalty of perjury."

Dated: May 29, 2025

**Api Aramaru Apynewa Mifsifsipi**
**Maipuri Arauan Nation**

29